UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff/Appellee, | : Case No. 3:25-cr-14 |
| v. | : |
| | : Judge Thomas M. Rose |
| ANDREW CROOKS, | : |
| Defendant/Appellant. | : |

**ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, MOTION TO STAY EXECUTION OF SENTENCE AND FOR RELEASE PENDING APPEAL (DOC. NO. 2)**

This appeal of a magistrate judge's decision is currently before the Court by way of Defendant/Appellant Andrew Crooks' ("Crooks") Motion to Stay Execution of Sentence and for Release Pending Appeal ("Motion") (Doc. No. 2). In August of 2024, following a bifurcated trial before Magistrate Judge Peter B. Silvain, Jr., a jury acquitted Crooks of simple assault under 18 U.S.C. § 113(a)(4). (Doc. No. 2 at PageID 2.)[1] Magistrate Judge Silvain, however, convicted Crooks of child endangerment and disorderly conduct pursuant to Ohio Rev. Code §§ 2919.22(A) and 2917.11(A)(1), respectively. (*Id.*) At sentencing, Magistrate Judge Silvain sentenced Crooks to a total term of imprisonment of thirty days, to be followed by three years of supervised release with special conditions. (*Id.* at PageID 2-3.) Crooks now seeks reprieve from this sentence pending the instant appeal, arguing he poses no risk of flight and that Magistrate Judge Silvain's verdict is so contradictory to the jury verdict that Crooks is likely to prevail in this appeal. (*Id.* at

---

[1] Because the trial record in this matter has not yet been lodged on the Court's docket in this case, the Court refers to undisputed facts as set forth by Crooks for purposes of the instant Motion.

PageID 4.) For the reasons stated herein, the Court **DENIES** Crooks' Motion **WITHOUT PREJUDICE**.

To start, the Court finds Crooks' Motion moot insofar as he seeks release from his term of imprisonment. Magistrate Judge Silvain sentenced Crooks to a total thirty days of incarceration on February 7, 2025, and Crooks was remanded to the custody of the U.S. Marshals Service ("USMS") the same day. (*Id.* at PageID 2-3.) Thirty days have come and gone since Crooks was incarcerated. By any token, Crooks is no longer subject to confinement on the convictions at issue here. Therefore, the Court **DENIES** Crooks' Motion as **MOOT**, to the extent that Crooks seeks release from imprisonment.

Next, the Court finds Crooks' Motion to be premature regarding his request to stay the execution of his supervised release. Crooks is a Jamaican immigrant who is allegedly in the country illegally. Further, the Court has been advised by USMS that, upon completing his thirty-day sentence on March 4, 2025, Crooks was detained by U.S. Immigration and Customs Enforcement ("ICE") pending removal proceedings before an immigration judge. As a result, Crooks will not be subject to the conditions of his supervised release unless and until he is released by ICE on bond or upon a favorable outcome in his removal proceedings.

Courts typically will not consider challenges to a criminal defendant's sentence "when they are based on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Smith*, 695 F. App'x. 854, 858 (6th Cir. 2017) (quoting *United States v. Kingsley*, 241 F.3d 828, 839 (6th Cir. 2001)). To grant Crooks' Motion and relieve him of any supervised release obligations pending appeal necessarily assumes Crooks' release from ICE custody. While ICE will surely release Crooks eventually—either on bond, upon a favorable outcome of removal proceedings, or upon deportation—it is outside the Court's purview to

speculate any further. Namely, the Court cannot discern when Crooks will be released from ICE custody and thus subject to the conditions of his supervised release, if at all. Hence, Crooks' Motion is premature in this regard.

Accordingly, the Court **DENIES** Crooks' Motion to Stay Execution of Sentence and for Release Pending Appeal (Doc. No. 2). This denial is **WITHOUT PREJUDICE**, though the Court advises Crooks that it will not entertain a motion of the same nature unless and until he has been released from ICE custody or can provide the Court with a date-certain for his release from ICE custody.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 12, 2025.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE